603 S.E.2d 586

**McCORMICK COUNTY COUNCIL, Petitioner,**

v.

**Kathryne P. BUTLER, in her capacity as McCormick County Clerk of Court, Respondent.**

No. 25873.

Supreme Court of South Carolina.

Submitted Aug. 18, 2004.

Decided Sept. 13, 2004.

Rehearing Denied Oct. 22, 2004.

George P. Callison, Jr., Callison Dorn Thomason & Knott, PA, of Greenwood, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Deputy Attorney General Steve Lynch, Assistant Deputy Attorney General Robert Cook and Assistant Attorney General Tracey Green, Columbia, for Respondent.

PER CURIAM:

Petitioner (County Council) seeks a declaratory judgment in this Court's original jurisdiction to have the Court determine who has the right to assign office space and possess the keys to the offices in the McCormick County Courthouse. Because this is a matter of significant public interest, we grant the petition to hear this matter in our original jurisdiction, dispense with further briefing, and hold that respondent (the Clerk of Court) has the authority to assign offices and possess the keys thereto in the county courthouse.

In an administrative order dated June 23, 2004, Chief Justice Toal ordered that, pursuant to S.C.Code Ann. § 14–17–210 (1976), the Clerk of Court has charge of the courthouse and has the authority to exercise control over the assignment of rooms and possess all office keys. County Council asks that this administrative order be stayed pending resolution of this matter. The request to stay the June 23rd administrative order is denied.

South Carolina Code Ann. § 4–1–80 (1986) requires the governing body of each county to furnish the probate judge, auditor, superintendent of education, clerk of court, sheriff, treasurer and master in equity office room, furniture, and stationery, as well as fuel, lights, postage and other incidentals necessary to transact business. In addition, the county governing body is required to make any alterations and additions advisable or necessary to any courthouse. S.C.Code Ann. § 4–17–60 (1986).

The office of clerk of court is an elected one, created by Article V, § 24 of the South Carolina Constitution. This section states that the General Assembly shall provide for the clerk of court's duties. In S.C.Code Ann. § 14–17–210 (1976), the General Assembly has provided that the county clerk of court has charge of the courthouse and must open the court-

house when required for public use and close it at all other times.

South Carolina Code Ann. § 4–9–650 (1986) provides that the county administrator has no authority over elected officials of the county whose offices are created by the Constitution or general law of the State.

Although the statutes do not specifically provide who has the authority to assign offices and possess the keys thereto in the county courthouse, the provision of § 14–17–210 giving the clerk of court charge of the courthouse must include the assignment of offices and possession of keys. Further, since § 4–9–650 specifically states that the county administrator does not have authority over elected officials whose offices are created by the Constitution, the county has no authority to control the Clerk of Court.

Essentially, County Council is challenging the Chief Justice's June 23rd administrative order in this matter. As the administrative head of the unified judicial system,[1] the Chief Justice has the authority to issue administrative orders controlling the courts in the State. Because authority to control the courthouse is given to the Clerk of Court, we hold that the Clerk of Court has the authority to assign offices in and possess the keys to the offices in the courthouse.

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur. MOORE, J., not participating.